IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KEITH ALEXANDER | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| MR. FEENEY, et al. | : | NO. 14-889 |

MEMORANDUM

JONES, J.                                                                                                                            APRIL 16, 2014

      Plaintiff Keith Alexander, a prisoner incarcerated at SCI-Coal Township, brings this action pursuant to 42 U.S.C. § 1983, based on allegations that he has been denied access to medical records that would establish his innocence of several crimes for which he was convicted. Plaintiff also moved to amend his complaint to add three defendants whom he omitted from the caption, requested counsel, and requested to subpoena the medical records.[1] For the following reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915A, without prejudice to plaintiff filing an amended complaint.

I.     FACTS[2]

      In 2005, Plaintiff was convicted in the Philadelphia Court of Common Pleas of attempted murder and related offenses after a jury trial presided over by the Honorable Chris R. Wogan. *See* CP-51-CR-0702301-2002. Plaintiff states that "4 inches" of the victim's medical records were turned over to his trial counsel, Murray Dolfman, prior to trial, but asserts that the

---

[1] Plaintiff also sought an extension of time to comply with the Court's order directing him to either pay the applicable fees for commencing this case or submit a certified copy of his account statement for the six-month period prior to the filing of his complaint. As the Court has received plaintiff's payment of the filing fee and administrative fee, that motion is now moot.

[2] The following facts are taken from the complaint and publicly available dockets of relevant criminal proceedings in state court.

1

Commonwealth committed prosecutorial misconduct by failing to provide him with a personal copy of the records, which he alleges are exculpatory. In other words, he appears to be alleging that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to provide him with a copy of the records.

Plaintiff also asserts that his right to confront witnesses at trial was violated because he did not have the opportunity to cross-examine a witness, Detective Puente, based on those medical records. Plaintiff alleges the records would establish that Detective Puente lied about speaking with the victim on a given occasion. Relatedly, he contends that the affidavit underlying his arrest warrant—which was presumably used to arrest him in 2002—contained misstatements and omissions. Plaintiff further alleges that his trial counsel should have called the victim's doctor as a witness to testify regarding the victim's medical state at the time he gave a statement to police.

Plaintiff sought post-conviction relief, apparently in an effort to obtain the portion of the victim's medical records to which he did not have access. Although the state court appointed counsel for plaintiff in connection with his post-conviction petition, his attorney, Elayne C. Bryn, moved to withdraw as counsel. The state court docket reflects that the petition was denied. Plaintiff indicates that he continued to seek access to the medical records, but that his efforts were unsuccessful.

Plaintiff subsequently brought this action against "District Attorney Mr. Feeney," Detective Puente, Judge Wogan, the Commonwealth of Pennsylvania, and Seth Williams. Although unclear, plaintiff may also have sought to sue the City of Philadelphia. In his motion to amend, plaintiff seeks to amend his complaint to add Emily Beth Cherniack, Attorney Dolfman, and Attorney Bryn as defendants. Plaintiff seeks an order requiring the defendants to provide him

with the portions of the victim's medical records that he does not have, as well as compensatory and punitive damages. He also requests counsel and to subpoena the medical records.

## II.   STANDARD OF REVIEW

A district court is required to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss any claims that are frivolous, malicious or fail to state a claim for relief. 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Furthermore, if an affirmative defense is obvious from the face of the complaint, the Court may dismiss any facially invalid claims. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

"[A] state prisoner's § 1983 action barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would

necessarily demonstrate the invalidity of confinement or its duration." *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted)); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[T[o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" (footnote and citation omitted)). Here, plaintiff alleges that his constitutional rights, including his due process rights and his right to confront witnesses, were violated by the prosecution's failure to provide him with exculpatory evidence that would have established his innocence at trial. If plaintiff were to prevail on those claims, his success would necessarily imply the invalidity of his convictions, which have not been invalidated. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1300 (2011) (*Brady* claims are "outside the province of § 1983"); *see also Alexander v. Folino*, E.D. Pa. Civ. A. No. 10-4331; CP-51-CR-0702301-2002. Accordingly, those claims are not cognizable in a § 1983 action.[3]

To the extent plaintiff asserts false arrest claims against Detective Puente based on deficiencies in his arrest warrant, and assuming that success on such claims would not imply the invalidity of plaintiff's convictions, those claims are time-barred. In § 1983 actions, federal

---

[3] In the event plaintiff's complaint can be construed to raise due process claims based on the denial of access to evidence that is not necessarily exculpatory, his claims would be cognizable in a § 1983 action. *See Skinner*, 131 S. Ct. at 1298. However, the Supreme Court has rejected substantive due process claims based on the post-conviction denial of access to evidence. *See Dist. Atty's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72-73 (2009). Furthermore, nothing in the complaint provides a factual basis for a procedural due process claim because plaintiff has not alleged any facts to suggest that the Commonwealth's procedures governing post-conviction relief are inadequate. *See id.* at 69-71; *see also Grier v. Klem*, 591 F.3d 672, 679 (3d Cir. 2010).

4

courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years. *See* 42 Pa. Cons. Stat. § 5524. The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam).

It is apparent from plaintiff's criminal docket that he was arrested some time in 2002. It is also apparent that plaintiff knew of the factual basis for his challenges to the arrest warrant by October of 2010, if not earlier, because he raised the same challenges in a *habeas* petition he filed in this district. *See Alexander v. Folino*, E.D. Pa. Civ. A. No. 10-4331 (Document No. 9 at 1 & Document No. 17 at 9-11). However, plaintiff did not hand his complaint to prison authorities for mailing until February 5, 2014. Accordingly, to the extent plaintiff is raising false arrest claims, those claims are time-barred. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (explaining that a court may take judicial notice of publicly available documents in determining that a complaint should be dismissed as time-barred); *see also O'Boyle v. Braverman*, 337 F. App'x 162, 164 (3d Cir. 2009) (same).

There are additional reasons why many of plaintiff's claims lack legal merit. First, the Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Second, Judge Wogan is entitled to absolute judicial immunity from plaintiff's claims because those claims are based on acts Judge Wogan

5

took in his judicial capacity while presiding over plaintiff's criminal case. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam); *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Third, to the extent they are being sued for acts or omissions taken in connection with their prosecution of plaintiff, Seth Williams and Mr. Feeney are entitled to prosecutorial immunity. *See Imbler v. Pactman*, 424 U.S. 409, 430 (1976). Fourth, plaintiff has not pled a basis for a claim against the City of Philadelphia, assuming he intended for the City to be a defendant in this case. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (local governments are not liable under § 1983 "for an injury inflicted solely by [their] employees or agents," but are liable if a municipal custom or policy caused the plaintiff's injury). Although plaintiff sought to amend his complaint to add additional defendants, his motion does not express a basis for a claim against those defendants, and the Court cannot discern one from the complaint, as attorneys are not state actors subject to suit under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Although it appears that plaintiff cannot cure the deficiencies in the vast majority of his claims, the Court, in an abundance of caution, will allow him to file an amended complaint. Plaintiff's requests for counsel are denied without prejudice to his reasserting the requests in the event he can state a viable claim. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim"). His request for a subpoena of medical records is also denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed without prejudice to his filing an amended complaint. An appropriate order follows.