## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH ALEXANDER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MR. FEENEY, et al. | : | NO. 14-889 |

### MEMORANDUM

JONES, J.                                                            MAY 2 , 2014

Plaintiff Keith Alexander, a prisoner incarcerated at SCI-Coal Township, brings this

action pursuant to 42 U.S.C. § 1983, based on allegations that he was falsely convicted and has

been denied access to medical records that would establish his innocence.  The Court dismissed

plaintiff's initial complaint, which was brought solely against governmental entities and

employees, pursuant to 28 U.S.C. § 1915A, without prejudice to his filing an amended

complaint.  Plaintiff filed an amended complaint, naming additional defendants.  For the

following reasons, the Court will dismiss plaintiff's claims against the governmental defendants

pursuant to 28 U.S.C. § 1915A.  His claims against the remaining defendants may proceed at this

time.

### I.      FACTS[1]

As with his initial complaint, plaintiff's amended complaint is premised on his allegations

that he was falsely arrested and convicted for attempted murder and related offenses in the

Philadelphia Court of Common Pleas after a trial presided over by the Honorable Chris R.

Wogan.  *See* CP-51-CR-0702301-2002.  Plaintiff alleges that Detective Arnaldo Puente falsely

stated in an arrest warrant that he spoke with the victim on February 8, 2002, and that the victim

---

[1] The following facts are taken from the complaint and publicly available dockets of relevant
criminal proceedings in state court.

identified plaintiff as the individual who shot him. However, portions of the victim's medical records reflect that the victim was unconscious on that date. When Detective Puente was confronted with those records at plaintiff's trial, he admitted that he was incorrect about the date and testified that he instead spoke with the victim on February 15, 2002. The amended complaint also indicates that the victim testified that plaintiff did not shoot him.

Based on those inconsistencies, plaintiff believes that he was falsely arrested, maliciously prosecuted, and improperly convicted in violation of several of his constitutional rights. He claims that Assistant District Attorney Feeney, who prosecuted him, should have dismissed the charges against him and violated his rights by securing a false conviction. Although the Commonwealth turned over "four inches" of medical records to plaintiff's trial counsel prior to trial, plaintiff suggests that Feeney failed to comply with discovery obligations by failing to provide him with a personal copy. Plaintiff sought access to a complete copy of the medical records—which he claims are exculpatory—in post-conviction proceedings, but his requests were denied by Judge Wogan. Plaintiff also alleges that Judge Wogan violated his rights by failing to throw out his convictions, sentencing him unjustly, denying his petitions for post-conviction relief, and retaliating against him by improperly handling proceedings concerning a probation violation.

In his amended complaint, plaintiff brings constitutional claims, pursuant to 42 U.S.C. § 1983, against the City of Philadelphia, Detective Puente, Judge Wogan, and Assistant District Attorney Feeney based on the above facts. Plaintiff also raises claims against District Attorney Seth Williams, Assistant District Attorney Robin Godfrey, and Assistant District Attorney Hugh Burns, based on allegations that they allowed his false convictions to stand and failed to turn over the allegedly exculpatory medical records in connection with post-conviction proceedings.

2

Plaintiff also named several attorneys as defendants: Murray Dolfman, who represented him at trial; Elayne C. Bryn, who was appointed to represent him in connection with his first post-conviction petition; and Emily Beth Cherniack, who was appointed to represent him in connection with his second post-conviction petition. Plaintiff seeks release from imprisonment, a complete copy of the victim's medical records, and damages as a result of his "false imprisonment."

## II.    STANDARD OF REVIEW

The Court is required to screen plaintiff's amended complaint, which "seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss any claims that are frivolous, malicious or fail to state a claim for relief. 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Furthermore, if an affirmative defense is obvious from the face of the complaint, the Court may dismiss any facially invalid claims. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Because § 1915A only applies to cases filed by prisoners against governmental entities,

officers, or employees, the Court will only address plaintiff's claims against the City of

Philadelphia, Detective Puente, Judge Wogan, District Attorney Seth Williams, and the three

Assistant District Attorneys. *See Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en

banc). As the Court does not have the authority to address plaintiff's claims against his attorneys

at this time, those claims may proceed.

Plaintiff's request for injunctive relief in the form of release from imprisonment is frivolous

because such relief is not available in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475,

500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release

or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

corpus."). Furthermore, "a state prisoner's § 1983 action barred (absent prior invalidation)—no

matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

(state conduct leading to conviction or internal prison proceedings)— if success in that action

would necessarily demonstrate the invalidity of confinement or its duration." *See Wilkinson v.

Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted)); *see also Heck v. Humphrey*, 512 U.S.

477, 486-87 (1994) ("[T[o recover damages for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus[.]"  (footnote and citation omitted)).  As explained in the Court's earlier

Memorandum, success on plaintiff's claims that the defendants violated his constitutional rights by prosecuting and convicting him, allowing his conviction to stand, and denying him access to exculpatory evidence to prove his innocence, would necessarily imply the invalidity of his convictions, which have not yet been invalidated. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1300 (2011) (*Brady* claims are "outside the province of § 1983"); *see also Alexander v. Folino*, E.D. Pa. Civ. A. No. 10-4331; CP-51-CR-0702301-2002.   Accordingly, those claims are not cognizable in a § 1983 action.[2]

To the extent plaintiff asserts false arrest claims against Detective Puente and related claims against the City of Philadelphia or other defendants based on deficiencies in his arrest warrant, and assuming that success on such claims would not imply the invalidity of plaintiff's convictions, those claims are time-barred. As explained in the Court's earlier Memorandum, Pennsylvania's two-year statute of limitations governs plaintiff's § 1983 claims, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also* 42 Pa. Cons. Stat. § 5524, and begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Plaintiff was arrested in 2002. The amended complaint suggests that plaintiff became aware of his claims during his trial, when Detective Puente was confronted by the discrepancy between his affidavit and the medical records. It is also apparent that plaintiff knew of the factual basis for his

---

[2] Many of plaintiff's claims also fail for other reasons. Judge Wogan is entitled to absolute judicial immunity from plaintiff's claims because all of those claims are based on acts Judge Wogan took in his judicial capacity while presiding over proceedings in plaintiff's criminal cases. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam); *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Plaintiff's damages claims against Seth Williams and the three Assistant District Attorneys are barred by absolute prosecutorial immunity because those defendants are being sued in connection with their prosecution of plaintiff and representation of the Commonwealth in connection with criminal and post-conviction proceedings. *See Imbler v. Pactman*, 424 U.S. 409, 430 (1976); *Yarris v. Cnty. Of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006).

5

challenges to the arrest warrant by October of 2010, because he raised the same challenges in a *habeas* petition he filed in this district. *See Alexander v. Folino*, E.D. Pa. Civ. A. No. 10-4331 (Document No. 9 at 1 & Document No. 17 at 9-11). However, plaintiff did not hand his initial complaint to prison authorities for mailing until February 5, 2014. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Accordingly, plaintiff's claims related to his arrest are time-barred. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (explaining that a court may take judicial notice of publicly available documents in determining that a complaint should be dismissed as time-barred).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Plaintiff has already been permitted to amend his claims against the governmental defendants and was unable to cure the deficiencies in his initial complaint. Furthermore, the Court does not see how plaintiff could cure the above deficiencies. Accordingly, the Court concludes that further attempts at amendment would be futile.

## CONCLUSION

For the foregoing reasons, plaintiff's claims against the City of Philadelphia, Detective Puente, Assistant District Attorney Feeney, Judge Wogan, Seth Williams, Assistant District Attorney Robin Godfrey and Assistant District Attorney Hugh Burns are dismissed with prejudice. Plaintiff's claims against the remaining defendants may proceed at this time because the Court is without authority to address them. An appropriate order follows.